852 F.2d 1288
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Charles PILLETTE, Plaintiff-Appellant,
v.
DETROIT POLICE DEPARTMENT, Taylor Police Department, Rufus
Griffin, Jr., Joseph A. Colombo, Cass S. Jaros,
Mark R. Bendure, Kim R. Fawcett, and
Gerald A. Sniderman,
Defendants-Appellees.
 No. 87-1620.
 United States Court of Appeals, Sixth Circuit.
 Aug. 1, 1988.
 
 Before MILBURN and BOGGS, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 This pro se Michigan prisoner requests the appointment of counsel in this appeal from the district court's opinion and order dismissing his civil rights case filed pursuant to 42 U.S.C. Sec. 1983. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Following a jury trial in 1977, plaintiff was convicted of first degree murder and two counts of first degree criminal sexual conduct. He was sentenced to three concurrent life sentences. After three state court appeals, plaintiff received reduced sentences on the criminal sexual conduct convictions; the murder conviction was reduced to manslaughter.
 
 
 3
 In a complaint filed pursuant to 42 U.S.C. Sec. 1983, plaintiff named as defendants the Detroit and Taylor (Michigan) Police Departments and the six attorneys who served as counsel to plaintiff during the criminal proceedings, including the appeals. Plaintiff claimed that defendants deprived him of his rights of due process and equal protection by conspiring to "insulate an illegal search and seizure from judicial challenge." In particular, he alleged that officers of defendant police departments conducted a warrantless search of his home. Defendant attorneys allegedly contributed to the conspiracy by failing to seek suppression of the evidence and by refusing to pursue the issue on appeal.
 
 
 4
 The district court determined that plaintiff failed to state a claim upon which relief could be granted because 1) he did not allege specific facts to show a conspiracy, 2) defendant attorneys were not state actors for the purposes of Sec. 1983, and 3) defendant police departments are not vicariously liable for actions of individual officers. The complaint was dismissed in its entirety. On appeal, plaintiff argues that specific allegations are unnecessary because conspiracy can be established through circumstances and inferences.
 
 
 5
 Upon review we conclude that dismissal pursuant to Fed.R.Civ.P. 12(b)(6) was proper.
 
 
 6
 Accordingly, the motion for appointment of counsel is denied. The district court's order of dismissal, filed June 11, 1987, is hereby affirmed for the reasons stated by the district court in its opinion filed June 10, 1987. Rule 9(b)(5), Rules of the Sixth Circuit.